HLD-097   (March 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4589
_____

DANIEL J. BERRY,
                                      Appellant
v.

DOUGLAS R. WEIMER, Magisterial District Judge
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 09-cv-00500)
District Judge:  Honorable David Stewart Cercone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2010
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
Opinion filed
_____

OPINION
_____

PER CURIAM.

        Daniel Berry, proceeding pro se, appeals an order of the United States

District Court for the Western District of Pennsylvania dismissing his complaint.  We will

dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

1

Berry's complaint stems from his violations of a municipal zoning ordinance, which resulted in the imposition of fines. Through counsel, Berry unsuccessfully tried to negotiate a lump sum payment to settle his obligations before Westmoreland County Magisterial District Judge Douglas Weimer. Judge Weimer issued a warrant for Berry's arrest for non-payment of the fines. Judge Weimer then took a leave of absence due to illness. While appearing in court on another case, Berry's counsel discussed Berry's arrest warrant with Senior Magisterial District Judge Frank Delbene. Judge Delbene decided that, although Judge Weimer had rejected the idea of a settlement, Berry could resolve his cases with a lump sum payment. Berry paid the court a lump sum to settle his cases.

Several months later, President Judge John Blahovec issued an order stating that Berry's cases were erroneously adjusted and closed. Judge Weimer, who had returned to work, notified Berry of the reinstatement of his cases and issued warrants for his arrest for non-payment. Berry's brother made a payment to have the warrants lifted. Berry was then required to pay $100 per month towards the satisfaction of his fines. Claiming violations of his due process rights, Berry filed a habeas petition in the Westmoreland County Court of Common Pleas. In denying relief, the court stated that Judge Delbene had not given the township notice and an opportunity to be heard and that the reinstatement order restored the status quo.

More than a year later, Berry filed a pro se complaint in District Court against Judge Weimer, which may be construed as claiming a violation of his due process rights. Berry sought money damages and a "clean criminal record." Compl. at 2. The District Court correctly ruled that Judge Weimer, a municipal state court judge, is immune from a suit for money damages for the actions complained of by Berry, which Judge Weimer took in his official judicial capacity in a matter over which he had jurisdiction. Figueroa v. Blackburn, 208 F.3d 435, 440-43 (3d Cir. 2000). To the extent Berry seeks injunctive relief in his complaint, subject to certain exceptions not alleged here, such relief is unavailable under 42 U.S.C. § 1983 in an action against a judicial officer for an act taken in the officer's judicial capacity. See 42 U.S.C. § 1983.

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).